UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,            Case No. 1:04-CR-255

    Plaintiff,                                      Hon. Richard Alan Enslen

v.

ROGER KROPF,

                                                     **ORDER AMENDING**
    Defendant.                              **RESTITUTION**
_____/

       This matter is before the Court on Plaintiff United States of America's Motion to Clarify Restitution Order. Defendant Roger Kropf has not filed a response. The Court discerns no reason for oral argument. *See* W.D. Mich. LCrR 47.2(d).

       On November 2, 2004, a single-count Indictment was filed against Defendant charging the filing of a false annual pension statement in connection with his role as trustee of the Kropf Orchards & Storage, Inc. Profit Sharing Plan ("Plan"), in violation of 18 U.S.C. § 1027. Defendant pled guilty on January 11, 2005 pursuant to a written plea agreement. On May 25, 2005, the Court sentenced Defendant to one day of incarceration and ordered him to pay restitution in the amount of $275,218.00 into the Plan, which included minimum monthly payments of $400.00.

       Based on Defendant's aforementioned actions, the United States Department of Labor filed a civil complaint against Defendant on December 23, 2005. On October 2, 2007, the parties entered into a consent judgment. *See Chao v. Kropf*, No. 1:05-CV-845 (W.D. Mich. Oct. 2, 2007). The parties agreed that "an independent fiduciary must be retained to determine participant account balances in the Plan and distribute the assets currently held by the Plan." *Id.* at slip op. 2. The

parties further agreed "that it would be in the best interest of the Plan's participants for the independent fiduciary to be allowed to terminate the Plan" because it is too costly to operate. *Id.*

The Court finds that the interests of justice require modification of Defendant's Judgment pursuant to 18 U.S.C. § 3664(k).  If the Plan were to be terminated prior to receipt of Defendant's final restitution payment, Plan participants might lose their right to these payments since the Court ordered Defendant to pay into the Plan and not directly to Plan participants.  Due to the changed circumstances, clarification of the Judgment serves the ends of justice.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Clarify Restitution Order (Dkt. No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Roger Kropf's Restitution Order is **AMENDED** pursuant to 18 U.S.C. § 3664(k), to include the following terms and to omit any contrary prior terms:

> The Court notes that in the consent judgment entered into between Defendant and the Secretary of Labor in *Chao v. Kropf*, No. 1:05-CV-845 (W.D. Mich. Oct. 2, 2007), North American Pension Services, LLC was appointed as a successor independent fiduciary to Salomon Smith Barney, Inc.  Restitution shall be payable at the following address:
>
> <u>Name of Payee</u>
>
> Appletree Farms, LLC Employees' Profit Sharing Plan and Trust
> (formerly known as Kropf Orchards and Storage, Inc., Profit Sharing Plan)
> c/o  North American Pension Services, LLC
> 2542 S. Rochester Rd.
> Rochester Hills, MI 48307-3817

Restitution shall remain payable to any successor fiduciary appointed by the Court in the case of *Chao v. Kropf*, No. 1:05-CV-845 .

Upon notice of the termination of the Plan and discharge of the Plan's independent fiduciary, restitution shall be payable directly to the Clerk of the Court for *pro rata* distribution to the Plan participants.  Prior to termination, the Plan's independent fiduciary shall provide the Clerk with the identity of the Plan participants and other necessary information (i.e. addresses and amounts due) to enable the Clerk to make these distributions.

**IT IS FURTHER ORDERED** that restitution shall remain payable at a rate of $400 per month.

**IT IS FURTHER ORDERED** that Plaintiff United States of America shall effectuate service of this Order upon North American Pension Services, LLC.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 14, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |